UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-03-86-B-W |
| | ) | |
| GORDON PELLETIER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

In the circumstances of this case, a motion to amend judgment is not an appropriate vehicle to alter a restitution obligation in a final criminal judgment; however, with the consent of the Government and the acquiescence of the victim, a motion to modify condition of release is an appropriate vehicle to reach the commonly desired end.

**I. STATEMENT OF FACTS**

Gordon Pelletier, the Defendant, pleaded guilty of mail fraud on November 14, 2003. *See* Docket # 5.  Mr. Pelletier admitted the terms of the Prosecution Version (Docket # 3), which stated that he received workers' compensation benefits for total incapacity in the amount of $264.57 per week from March 1998 through May 2000.  Sometime before January 10, 2000, Mr. Pelletier resumed employment, but continued to receive total incapacity benefits.  When questioned by the workers' compensation insurer, he misrepresented his employment status. This Court sentenced Mr. Pelletier on May 12, 2004 to five years probation and ordered him to reimburse Maine Employers Mutual Insurance Company (MEMIC) the total amount of $16,932.48. *See* Judgment (Docket # 16).

## II. PENDING MOTIONS

### A. Motion to Amend Judgment

On June 17, 2005, the Defendant moved to amend the Judgment dated May 12, 2004 to reflect a total restitution figure of $11,000.00. Motion to Amend the Judgment in a Criminal Case (Docket # 17). The Defendant represented that neither the Government nor the victim, MEMIC, objected to the motion and that MEMIC had been satisfied in full by its receipt of the sum of $11,000.00.

Despite the concurrence of the Government and the acquiescence of the victim, this Court denies the motion. The Defendant never appealed the May 12, 2004 Judgment and filed no timely post-judgment motions. The Judgment is final. The Defendant makes no mention of the source of this Court's authority to amend such a Judgment, and this Court is unaware of any.

The circumstances under which a court may amend a criminal judgment are circumscribed. *See* 18 U.S.C. § 3582(b), (c). Rule 33 provides that a court may vacate any judgment, if justice so requires. Fed. R. Crim. P. 33(a). But, there is a seven-day time period for all grounds other than newly discovered evidence, *see* Fed. R. Crim P. 33(b)(1), (2), and the Defendant has not claimed newly discovered evidence. Although Rule 35(a) allows a defendant to move to correct an arithmetic, technical, or other error, the motion must be filed within seven days of the sentencing. Fed. R. Crim. P. 35(a); *see also United States v. Fahm,* 13 F.3d 447, 453-54 (1st Cir. 1994) (addressing Rule 35(c), the antecedent to current Rule 35(a)). The Defendant has made no claim of any such error. Rule 36 contains no time limit, but is restricted to clerical, not judicial, errors, *see* Fed. R. Crim. P. 36, and the Defendant makes no claim the $16,932.48 figure in the Judgment is the result of a clerical error. *See Fahm,* 13 F.3d at 454 n.8. The law recognizes that a sentence imposing restitution may be subject to revision; however, the

circumstances are restricted and do not apply here. 18 U.S.C. § 3664(o)(1), (2). In sum, this Court is not authorized to amend its Judgment in these circumstances.

### B. Motion to Modify Condition of Release

On July 20, 2005, the Defendant filed a Motion to Modify Conditions of Supervised Release (Docket # 20). The motion was unopposed by the Government and MEMIC. By contrast with a criminal judgment, the sentencing court retains jurisdiction to modify conditions of probation. *See* 18 U.S.C. § 3563(c). The statute provides that a court may "modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation, pursuant to the provisions of the Federal Rules of Criminal Procedure." *Id.* Rule 32.1(c) provides that a hearing must be held before the terms of probation or supervised release are modified, *see* Fed. R. Crim. P. 32.1(c)(1), but is inapplicable here, because the relief sought is favorable to the person, does not extend the term of probation, and the Government does not object. Fed. R. Crim. P. 32.1(c)(2)(B), (C). Finally, because the victim has affirmed its consent to the proposed modification to the probation condition mandating restitution, the statutory provisions protecting the rights of the victim have been satisfied. *See* 18 U.S.C. §§ 3663, 3664, 3572.

### III. CONCLUSION

This Court DENIES the Defendant's Motion to Amend the Judgment in a Criminal Case, but upon consent of the Government and with the acquiescence of the victim, this Court GRANTS the Defendant's Motion to Modify Conditions of Supervised Release to reflect that the Defendant has satisfied the restitution condition of probation by paying the sum of $11,000.00 to Maine Employers Mutual Insurance Company.

SO ORDERED.

                                                           /s/ John A. Woodcock, Jr.
                                                           JOHN A. WOODCOCK, JR.
                                                           UNITED STATES DISTRICT JUDGE

Dated this day of 26th July, 2005